In the United States District Court
Western District of Arkansas
Fayetteville Division

Stacey Dutton                                                                                    Plaintiff

v.                              Case No. _____

Cavalry SPV I, LLC
Cavalry Portfolio Services, LLC
The McHughes Law Firm, PLLC                                                      Defendants

## Complaint

1.  Defendants filed a debt collection lawsuit against Plaintiff Stacey Dutton in the Circuit Court of Benton County, Arkansas - a judicial district where Dutton did not sign the contract sued upon and where she did not reside at the commencement - and violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692i.

2.  The purpose of § 1692i is to prohibit venue abuse – the collection tactic whereby a debt collector sued the consumer in an inconvenient forum to easily obtain a default judgment:

> This legislation also addresses the problem of "forum abuse," an unfair practice in which debt collectors file suit against consumers in courts which are so distant or inconvenient that consumers are unable to appear. As a result, the debt collector obtains a default judgment and the consumer is denied his day in court.[1]

Specifically, § 1692i, prohibits debt collectors from taking legal action to collect a consumer obligation in a "judicial district of similar legal entity" other than where the consumer resides or signed the contract so consumers are not forced to defend legal actions in inconvenient judicial districts.

---

[1] S. Rep. No. 382, 95th Cong., 1 Sess. 4, at 4, *reprinted in* 1977 U.S.C.C.A.N. 1695.

3. When Defendants sued Dutton in the Circuit Court of Benton County, Arkansas, Dutton resided in Washington County, Arkansas. She did not sign the contract or application for the credit card Defendants sued her over. Dutton's mom had applied for the credit card online, added Dutton as a card holder on the account or as an authorized user, used the card herself, and then defaulted. Dutton never used the credit card for any transactions. Being summoned to defend a lawsuit in a county where she did not reside or apply for the credit card caused Dutton emotional distress,

## Jurisdiction

4. Jurisdiction of this Court arises under 28 U.S.C. §§ 1331 and 15 U.S.C. § 1692k(d).

5. This action arises out of Defendants' violations of the FDCPA, in their illegal efforts to collect a consumer debt from Dutton.

6. Venue is proper in this District because the acts and transactions occurred here, resides here, and Defendants transact business here.

7. Defendants have transacted business within Arkansas by attempting to collect debts through litigation from Dutton while she was within and permanently residing within Arkansas.

## Parties

### *Plaintiff Stacey Dutton*

8. Plaintiff Stacey Dutton is a citizen of Arkansas, residing in Washington County, Arkansas, and is a "consumer" as that term is defined 15 U.S.C. § 1692a(3).

*Defendants*

9. The term "debt collector" has two prongs:

   (a) any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts; and

   (b) any person who regularly collects or attempts to collect, directly or indirectly, debts owed or asserted to be owed or due another. 15 U.S.C. § 1692a(6).

### Cavalry SPV I, LLC

10. Cavalry SPV I, LLC (Cavalry SPV) is a foreign limited liability company operating from 500 Summit Lake Drive, Suite 400, Valhalla, New York 10595.

11. Defendant Cavalry SPV is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

12. Cavalry SPV I is a "debt collector" because it uses instrumentalities of interstate commerce or the mails in its business the principal purpose of which is the collection of debts.

13. Cavalry SPV I purchases defaulted consumer debts for pennies on the dollar, so that it can derive large profits from collection on the consumer debt it purchases.

14. Cavalry SPV I hires Cavalry Portfolio Services, LLC (Cavalry Portfolio Srvs.), as its "servicer" to collect debts through letters, phone calls, and debt collection complaints filed in state court.

15. Cavalry SPV I and Cavalry Portfolio Servs., operate in concert with one another and to purchase and collect consumer debt on a massive scale.

16. Cavalry SPV I and Cavalry Portfolio Servs. are one of the largest debt buyers and collectors in the United States.

17. Cavalry SPV I and Cavalry Portfolio Servs., send collection letters by United States mail, call consumers from call centers in the United States, furnish information to credit bureaus, and sue consumers in state courts across the country.

18. Cavalry SPV I and Cavalry Portfolio Servs. purchase or claim to purchase portfolios of old consumer debt from some of the nation's largest consumer finance companies for pennies on the dollar. These debts primarily consist of charged-off consumer credit card debts, obtained at various points after default.

19. Cavalry SPV I and Cavalry Portfolio Servs. files thousands of debt collection complaints in Arkansas' Circuit Court and District Courts every year. These debt collection complaints are filed along with affidavits of Cavalry Portfolio Servs.'s employees.

20. Almost all of Cavalry SPV I's resources are devoted to debt collection.

21. Almost all of Cavalry SPV I's revenue is derived from debt collection.

22. Almost all of Cavalry SPV I's expenses are related to debt collection.

23. Cavalry SPV I is a "collection agency" licensed to purchase and collect debt by the Arkansas State Board of Collection Agencies.

### *Cavalry Portfolio Servs.*

24. Cavalry Portfolio Servs. is a foreign limited liability company operating from 500 Summit Lake Drive, Suite 400, Valhalla, New York 10595. Management is a "debt collector" within the meaning of Ark. Code Ann. § 17-24-502(5)(A).

25. Cavalry Portfolio Servs. uses instrumentalities of interstate commerce or the mails in its business the principal purpose of which is the collection of debts.

26. Cavalry Portfolio Servs. regularly collects or attempts to collect, directly or indirectly debts owed or due or asserted to be owed or due another, specifically Cavalry SPV I.

27. Almost all of Cavalry Portfolio Servs.'s resources are devoted to debt collection.

28. Almost all of Cavalry Portfolio Servs.'s revenue is derived from debt collection.

29. Almost all of Cavalry Portfolio Servs.'s expenses are related to debt collection.

30. Cavalry Portfolio Servs. is a licensed "collection agency" with the Arkansas State Board of Collection Agencies.

### The McHughes Law Firm, PLLC

31. The McHughes Law Firm, PLLC (McHughes) is a domestic limited liability company, operating as a law firm located in Little Rock, AR,

32.   Lawyers engaged in debt collection litigation are debt collectors under the FDCPA.[2]

33.   McHughes uses instrumentalities of interstate commerce or the mails in the principal purpose of which is the collection of debts, including defaulted credit card accounts purchased by Cavalry SPV I and serviced by Cavalry Portfolio Servs and auto deficiencies under defaulted Retail Installment Contracts assigned to Credit Acceptance Corporation.

34.   McHughes regularly collects or attempts to collect, directly or indirectly, debts owed or due another, including Cavalry SPV I, LLC.

35.   McHuges files thousands of debt collection lawsuits for Cavalry SPV I and Credit Acceptance every year throughout the state of Arkansas.

### Factual Allegations

36.   Within one year immediately preceding filing this pleading, Defendants attempted to collect from Dutton a financial obligation primarily for personal, family, or household purposes, which is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely a defaulted Synchrony Bank credit card account.

37.   In approximately 2017, Kimberly Mann (Dutton's mother) applied for the Syncrhony Bank credit card at issue in this case. Dutton never signed and application or contract with Synchrony Bank.

38.   Mann added Dutton as a card holder or an authorized user of the account and had the billing statements mailed to Mann's home.

---

[2] *See e.g. Heintz v. Jenkins*, 514 U.S. 291, 115 S. Ct. 1489, 131 L. Ed. 395 (1995).

39. Dutton never used the Synchrony Bank credit card.

40. Mann used the credit card to purchase veterinary services and eventually defaulted on the credit card account.

41. Synchrony Bank charged-ff the credit card account and sold the account in a portfolio of other Synchrony Bank credit card debt to Cavalry SPV I.

42. Cavalry Portfolio Servs. began trying to collect the account from Mann and Dutton.

43. Cavalry Portfolio Servs. retained McHughes to sue Mann and Dutton to collect the debt.

44. On August 14, 2019, McHughes filed a lawsuit in the Circuit Court of Benton County, Arkansas, against Dutton and Mann to collect the debt at issue.

45. When Defendants filed the debt collection lawsuit, Dutton lived in Lincoln, Washington County, Arkansas.

46. When Defendants filed the debt collection lawsuit in the Circuit Court of Pulaski County, Arkansas, the only venue where Dutton could be sued to collect the credit card debt were a judicial district district within the geographical boundaries of Washington County, Arkansas (the Circuit Court of Washington County, Arkansas or a District Court within Washington County).

47. Dutton retained undersigned counsel to represent her in the debt collection lawsuit.

48. Eventually, Defendants dismissed the debt collection lawsuit without prejudice.

49. Any venue provision in an Arkansas statute allowing Defendants to sue Dutton in Benton County, Arkansas, is preempted by the FDCPA.[3]

## Standing

50. Dutton has standing under Article III of the United States Constitution because she has suffered an injury in fact, the injury in fact is traceable to the challenged conduct of Defendants, and her injury in fact is likely to be redressed by a favorable judicial decision in this Court.[4]

51. Dutton's injury in fact is both particular and concrete because she has suffered an invasion of a legally protected interest that is concrete, particularized and actual or imminent.

52. Filing debt collection lawsuits in distant forums presents a real risk of harm: consumers will either incur additional time or expense to travel to the inconvenient forum or cannot defend themselves and risk entry of a default judgment.

## Causes of Action

### *Count I - Violations of the FDCPA, 15 U.S.C. § 1692, et seq.*

53. Dutton incorporates by reference the above paragraphs as though stated.

54. The foregoing acts and omissions of Defendants constitutes violations of the FDCPA including, but not limited to, 15 U.S.C. §§ 1692i and 1692g(a)(1)-(5).

---

[3] 15 U.S.C. § 1692n.

[4] *See Linehan v. Allianceone Receivables Management, Inc.*, 2016 WL 4765839 (W.D. Wash., Sept. 13, 2016) (denying defendant's motion to dismiss consumer's FDCPA complaint for violations of 15 U.S.C. § 1692i for lack of Article III standing).

55. Because of Defendants' violations of the FDCPA, Dutton may recover statutory damages up to $1,000.00 under 15 U.S.C. § 1692k(a)(2)(A); actual damages under 15 U.S.C. § 1692(a)(1); and a reasonable attorney's fee and costs under 15 U.S.C. § 1692k(a)(3), from Defendants.

## Jury Demand

56. Dutton demands a trial by jury.[5]

## Prayer for Relief

57. Dutton prays for a judgment entered against Defendants including:

    (a) statutory damages of $1,000.00 under 15 U.S.C. § 1692k(a)(1) against each Defendant;

    (b) actual damages under 15 U.S.C. § 1692k(a)(1);

    (c) costs of litigation and a reasonable attorneys' fee under 15 U.S.C. § 1692k(a)(3); and

    (d) such other relief as may be just and proper.

Respectfully submitted

By: /s/ Corey D. McGaha
Corey D. McGaha
Ark. Bar No. 2003047
COREY D. MCGAHA PLLC
5507 Ranch Drive
Suite 104-D
Little Rock, AR 72223
Phone: (501) 205-4026
Fax: (501) 367-8208
cmgaha@mcgahalaw.com

---

[5] U.S. Const. amend 7 and Fed. R. Civ. P. 38.